

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF OREGON

**PETER C. MCKITTRICK**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE
LAW CLERK

TONIA McCOMBS
LAW CLERK

TRANSMITTED VIA ECF

May 13, 2015

James C. Lygo
2233 NE 47th Ave.
Portland, OR  97213

Keith D. Karnes
Karnes Law Offices, PC
1860 Hawthorne Ave. Ste. 10
Salem, OR  97301

     Re:    <u>Ruth Moser</u>, Case No. 14-35900
            Debtor's Objection to Claim of Tyler Murdock

Dear Counsel,

     The purpose of this letter is to give you my ruling on debtor's objection to the priority claim filed by debtor's ex-husband, Tyler Murdock, in the amount of $20,142.01.  Debtor does not object to the amount, but only to the treatment of the claim as priority.  The issue is whether the debt is a domestic support obligation entitled to priority under 11 U.S.C. § 507(a)(1).[1]  The court held a hearing on April 22, 2015, at which the court heard testimony and received exhibits.  Having heard the testimony, reviewed the exhibits, and considered the arguments of counsel, I will overrule debtor's objection to the claim for the reasons that follow.

## FACTS

     I find the following facts based on the stipulation of the parties and the evidence presented at the April 22 hearing.

     Debtor and claimant were married.  Their marriage was dissolved in 2010.  Mother was awarded primary custody of their one child.  Both parents lived in the Portland area.  In 2013, debtor moved from the Portland area to the Sheridan area.  After the move, the parties began having disputes revolving around the child, with debtor purposefully disrupting claimant's parenting time.

---

[1]     All statutory references are to the Bankruptcy Code, 11 U.S.C. § 101 <u>et seq.</u>

Claimant filed a petition in state court to change custody and parenting time. The parties stipulated to the appointment of an attorney to represent the interests of the child in the proceedings.[2] After a trial that spanned three days, the state court found that debtor's actions in moving the child to Sheridan as well as other actions that disrupted claimant's relationship with the child were a substantial, unanticipated change in circumstances and not in the best interests of the child. Therefore, the court awarded claimant sole legal custody, subject to debtor's parenting time. Debtor was ordered to pay $186 per month in child support. The court also entered a supplemental judgment of $20,000 for attorney fees incurred by claimant in the custody litigation.

Debtor filed chapter 13 in October 2014. Claimant filed his proof of claim for $20,000 plus interest, asserting that the claim arising out of the attorney fee judgment is entitled to priority as a domestic support obligation. Debtor objected to the claim, and her proposed chapter 13 plan does not treat the attorney fee judgment as a priority claim.

DISCUSSION

In a chapter 13 case, the plan must provide for payment in full of claims entitled to priority under § 507. § 1322(a)(2). Section 507(a)(1)(A) gives first priority to "[a]llowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition . . . are owed to or recoverable by a spouse, former spouse, or child of the debtor[.]" As relevant here, a "domestic support obligation" ("DSO") is defined as a debt owed to a spouse, former spouse, or child that is "in the nature of alimony, maintenance, or support . . . without regard to whether such debt is expressly so designated[.]" § 101(14A).

> Whether an obligation is in the nature of support and thus qualifies as [] support under bankruptcy law is a question of federal law. In determining whether an obligation is a DSO entitled to priority under § 507(a), the court looks to the interpretation of DSO discussed in cases relating to the dischargeability of support under *former* § 523(a)(5).

In re Nelson, 451 B.R. 918, 921 (Bankr. D. Or. 2011) (citations omitted). Labels used by the state court are not binding on the bankruptcy court. In re Jodoin, 209 B.R. 132, 138 (9th Cir. BAP 1997). Where the judgment is entered following a contested trial (as opposed to by stipulation of the parties), the court looks at the intent of the state court as to the nature of the obligation. Id. Whether an obligation is in the nature of support is a factual determination made by the bankruptcy court. See In re Chang, 163 F.3d 1138, 1140 (9th Cir. 1998) (discussing whether obligation is in the nature of support for purposes of dischargeability under § 523(a)(5)).

Claimant argues that attorney fees owed to a former spouse that arise out of a domestic relations proceeding to determine child custody have been declared to be DSOs, citing Chang and In re Rehkow, 2006 WL 6811011 (9th Cir. BAP 2006) (unpublished). Debtor counters that, in determining whether an obligation is in the nature of support, this court should consider various factors, including (1) the label given to the obligation; (2) whether the recipient spouse needs support, usually demonstrated by an imbalance in income of the two parties; (3) whether

---

[2] The fees for the attorney representing the child's interests were divided equally between the parties, and are not at issue in this case.

the payments are to be made over time or in a lump sum; and (4) whether the obligation terminates on death or remarriage of one of the spouses. See Nelson, 451 B.R. at 921-922; Shaver v. Shaver, 736 F.2d 1314, 1316 (9th Cir. 1984). Another relevant factor courts have considered is the presence of minor children from the marriage. In re Gionis, 170 B.R. 675, 682 (9th Cir. BAP 1994).

The factors laid out in Nelson and Gionis, although relevant in distinguishing spousal support from other obligations arising from a dissolution action such as property settlements, are not particularly helpful in determining whether an award of attorney fees in a child custody dispute constitutes support. Child support is determined by looking at the needs of the child, not the parents. A child support obligation is not terminated on the remarriage of one of the spouses. The presence of a child from the marriage is a redundant factor, because child support would not be an issue if there were no child.

The Ninth Circuit has not specifically addressed the legal standard for determining whether an obligation is in the nature of child support. It has, however, held that attorney fees incurred in a custody proceeding were in the nature of support, where those fees were for representation of a guardian ad litem to represent the child's best interests. Chang, 163 F.3d at 1141. It also has held that a debt for repayment to the state for state aid paid to the parent is in the nature of support, because the basis of the debt benefitted the children. In re Leibowitz, 217 F.3d 799 (9th Cir. 2000).

The BAP has recognized that the factors used for determining whether an obligation is spousal support are not particularly helpful in determining whether an obligation is child support:

> [T]hese factors do not fit neatly within a determination of whether an obligation constitutes *child* support. Thus, we look "'at the surrounding circumstances and all other relevant incidents bearing on the [court's] intent'" to determine whether [the court] intended a particular obligation to be in the nature of child support.

In re Seixas, 239 B.R. 398, 404 (9th Cir. BAP 1999) (emphasis in original; citations omitted). The critical inquiry is the substance of the obligation and the intent of the state court that made the award. Id. When the award relates to child custody and parenting time, courts consider primarily whether "the issues involved in custody disputes are generally decided by consideration of the child's best interests." In re Rehkow, 2006 WL 6811011 *3 (9th Cir. BAP 2006) (unpublished) (collecting cases), aff'd, 2007 WL 1879974 (9th Cir. 2007) (unpublished). As the BAP pointed out, "the vast majority of reported decisions dealing with an award of attorneys' fees in a child custody proceeding have concluded that the fees were in the nature of the child's support within the meaning of § 523(a)(5)." Id.[3]

I conclude that, in considering whether attorney fees awarded in a dispute over child custody is in the nature of support, I need to consider the substance of the award and whether the state court intended the award of attorney fees to be in the nature of support.

---

[3] Rehkow is an unpublished decision, and therefore is not cited for its precedential value, but only for the useful information it contains.

The fees in this case were incurred in a three-day trial on claimant's motion to modify custody and the proceedings leading up to that trial. Oregon law allows the court to modify child custody if "there has been a substantial change in circumstances since the last custody order" and "it would be in the child's best interests to change custody." In re Travis, 236 Or. App. 563, 566 (2010). By statute, the court must "give primary consideration to the best interests and welfare of the child." ORS 107.137(1).

In this case, the state court changed custody from debtor to claimant after finding that debtor's actions put her own interests ahead of those of the child, and that claimant had acted in the child's best interests. Exh. A at p. 2. It then awarded $20,000 in attorney fees to claimant, based on ORS 107.135(8).

That statute provides that, in a proceeding to modify child custody, the court may award against either party "a reasonable attorney fee and costs for the benefit of the other party." However, "[i]f a party is found to have acted in bad faith, the court shall order that party to pay a reasonable attorney fee and costs of the defending party." ORS 107.135(8).

Thus, the proceeding in which the fees were awarded was one to determine the best interests of the child, which weighs in favor of finding that the fees were intended as support for the welfare of the child. "The legal question is not whether repayment of the debt will benefit the children, but whether the basis of the debt benefitted the children." Leibowitz, 217 F.3d at 803. Here, the basis of the attorney fee debt was the litigation over the best interests of the child, which benefitted the child. Thus, the substance of the award is in the nature of support.

At the hearing, debtor argued that, because an attorney had been appointed to represent the best interests of the child, counsel for claimant was not representing the child's interests but instead was representing claimant's interests. In a modification of custody dispute, the issue is the best interests of the child. The fact that the child had separate representation does not detract from the fact that the evidence and testimony presented by the parents also had to relate to the best interests of the child.

Debtor also argues that the fees were awarded not for the benefit of the child, but instead were awarded as a sanction for debtor's bad faith in the litigation. She relies on the fact that ORS 107.135(8) allows an award of attorney fees in a custody dispute, but requires such an award "[i]f a party is found to have acted in bad faith[.]" The court's judgment in this case said that the fees were reasonable, and that it had considered the conduct and financial resources of debtor in making the award. It noted that it had made specific findings of various bad faith actions taken by debtor in connection with the child, and then awarded $20,000 in attorney fees and costs against debtor.

I do not read the statutory requirement for the award of fees to mean that the fees were awarded as a sanction. Under ORS 107.135(8), the court always may award fees, and must award fees if one party acts in bad faith. The Affidavit of Counsel in Support of ORCP 68 Statement for Attorney Fees and Cost Bill for Petitioner sets out not only debtor's bad faith conduct, but also points out that, even though claimant's income was higher than debtor's, debtor's conduct required claimant to incur expenses such as attorney fees that "could and would otherwise have been used toward the child." Exh. E at ¶ 8, 9.

      This is not a case where the court awarded fees due to bad faith litigation tactics wholly unrelated to the parties' interactions with the child. The bad faith identified by the state court related to debtor's conduct towards the child and the child's relationship with claimant. The detailed time entries contained in Exhibit D amply demonstrate that the fees were incurred in dealing with issues raised by debtor's conduct in connection with the child, rather than conduct in such things as discovery disputes. The attorney for claimant specified the time entries for work he felt was caused by debtor's bad faith conduct, and the amount of the specified fees add up to approximately half of the total amount awarded. Exh. D at pp. 5-20. Had the state court intended to award the amount of fees caused by debtor's bad faith conduct as a sanction, the award would have likely been less than $10,000 rather than the $20,000 awarded.

      This finding that the award is in the nature of support is consistent with In re Trentadue, 527 B.R. 328 (Bankr. E.D. Wis. 2015). In that case, the debtor made an argument very similar to the one debtor makes here – that attorney fees were awarded against him in a child custody dispute as punishment, and not as support for the child. The court rejected the debtor's argument, saying that the litigation related to the care, custody and welfare of the children, even though most issues were not economic. The award was not punishment for his bad conduct in the way that a sanction for disruptive behavior in court or withholding documents from discovery would have been; instead, "this award was directly related to his unnecessarily protracted litigation over the welfare of his children and the detrimental effect of his conduct on them. The purpose was to compensate for the harm he had done, but it was not punishment per se." Id. at *4. Both economic and noneconomic issues are important to children's interests, and noneconomic support such as parenting time is properly considered support.

      Debtor argues that this award was not in the nature of support because debtor's income is significantly less than claimant's income. According to the Child Support Worksheet attached to the Supplemental Judgment modifying custody and child support, Exh. A at p. 18, claimant's income was more than three times that of debtor. The state court took that imbalance of income into account in setting the monthly child support award, ordering debtor to pay $186 per month in child support. The fact that debtor's income was less than that of claimant does not mean that the state court's attorney fee award was intended as something other than support. In Oregon, monthly child support is determined by the child support guidelines, pursuant to ORS 25.280. As demonstrated in this case, both parents are obligated to support the child, even if one parent's income is less than the other's. The fact that debtor has less income than claimant means her relative share of the child's support is less than claimant's, not that she has no obligation to pay support at all. Thus, the fact that there is an imbalance between the incomes of the parties in this case does not weigh against a finding that the attorney fee award is a DSO. The fact that claimant was awarded $20,000 rather than the full $31,000 requested could have been a function of the disparity in income. The court's consideration of the parties' incomes and the best interests of the child lead me to conclude that the state court intended the award of attorney fees to be in the nature of support.

      Debtor finally argues that a finding that the attorney fees in this case are DSOs will make § 523(a)(15) superfluous. DSOs are nondischargeable under § 523(a)(5); an obligation to a spouse arising out of a dissolution action that is not a DSO is nondishargeable in chapter 7 under

§ 523(a)(15). Debtor says that, if attorney fees awarded in family law matters are always DSOs, then there is no distinction between § 523(a)(5) and § 523(a)(15).

      I disagree with the argument. First, not all attorney fee awards in family law matters will qualify as DSOs. It will depend on the purpose of the award. Second, there are other types of obligations besides attorney fees arising out of dissolution judgments that are not DSOs and are covered by § 523(a)(15), such as judgments for property division. Debtor's argument based on conflating the two statutory provisions fails.

## CONCLUSION

      Based on the evidence presented in this case and the state law on which the attorney fee award was based, I find that the state court's attorney fee award is in the nature of support, and is therefore a DSO entitled to priority under § 507(a)(1)(A).

      Mr. Lygo should submit the order overruling debtor's objection to the claim.

Very truly yours,

PETER C. MCKITTRICK
Bankruptcy Judge

cc:    Wayne Godare